Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMONE BERTOLLINI,<br><br>*Plaintiff*,<br><br>v.<br><br>MICHAEL HARRISON, JOHN AND JANE DOES 1-50, and XYZ CORPORATIONS 1-50,<br><br>*Defendants*. | Civil Action No. 18-15355<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this case, Plaintiff Simone Bertollini alleges that Defendant Michael Harrison, an attorney, engaged in unlawful conduct while attempting to collect a debt on behalf of Plaintiff's creditor. D.E. 1-5. Currently pending before the Court is Defendant's motion to dismiss Counts II, III, and IV of Plaintiff's First Amended Complaint ("FAC") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 4. The Court reviewed the parties' submissions in support and in opposition[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is granted.

---

[1] Defendant's brief in support of his motion will be referred to as "Def. Br.," D.E. 4-2; Plaintiff's opposition will be referred to as "Pl. Opp'n," D.E. 5; Defendant's reply will be referred to as "Def. Reply," D.E. 6.

## I. INTRODUCTION[2]

Plaintiff Simone Bertollini is a resident of Weehawken, New Jersey. FAC ¶ 1. Defendant Michael Harrison is an attorney with an office in Denville, New Jersey. *Id.* ¶ 2. On May 9, 2018, Defendant contacted Plaintiff to collect two alleged debts stemming from two delinquent accounts with Palisades Emergency Consult. *Id.* ¶ 5. The two debts stemmed from "medical treatment that was allegedly rendered by Palisades Emergency Consult at the same time, on the same day[,] for an injured shoulder." *Id.* ¶ 8. Defendant indicated that Plaintiff owed (1) $510.00 on account number 515121, and (2) $1,058.00 on account number 515121A. *Id.* ¶ 6. Plaintiff alleges that the two charges belong to the same account number (515121), which was created on April 3, 2014, and that the second account (515121A) was "improperly and/or fraudulently created curing the course of debt collection." *Id.* ¶¶ 7, 9.

On May 13, 2018, Plaintiff emailed Defendant advising him of such. *Id.* ¶ 10. The following day, Defendant responded with the following:

> The first account (bearing our account number 515121) is for services rendered on 4/3/2014 for an emergency visit. The second account (bearing our account number 515121A) is for services rendered on the same date for Clsd tx shoulder. The second account was not referred to us on the same date as the first account as there was a question regarding a possible allowance. Nonetheless, you owe the amounts indicated on the enclosed bills.

*Id.* ¶ 11. On July 1, 2018, Defendant then reported both accounts to Equifax as unpaid and delinquent. *Id.* ¶ 12. Defendant failed to note that Plaintiff disputed the accounts. *Id.* ¶ 21.

---

[2] The facts are derived from Plaintiff's FAC. D.E. 1-5 ("FAC"). When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff alleges that Defendant "falsely reported two unpaid and delinquent accounts to Equifax rather than one, knowing that Plaintiff's credit report would be compromised to a greater extent." *Id.* ¶ 14.

Plaintiff also alleges that Defendant reported "fictitious, partial payments" on these accounts, harming Plaintiff's credit report to a greater extent. *Id.* ¶ 22. When reporting the 515121 account to Equifax, Defendant reported $510.00 as the original amount, with $200.00 as the current balance, and June 2018 as the last payment date. *Id.* ¶ 16. When reporting the 515121A account to Equifax, Defendant reported $1,058.00 as the original amount, with $584.00 as the current balance, and June 2018 as the last payment date. *Id.* ¶ 18. Plaintiff alleges that he never made any payment on either account and that these "fictitious, partial payments" harmed his credit report to a greater extent. *Id.* ¶¶ 15, 22. Hence, on July 11, 2018, Plaintiff filed a formal dispute with Equifax. *Id.* ¶ 24. Defendant received notice of this dispute. *Id.* ¶ 25. Plaintiff alleges that Defendant then failed to investigate the accuracy of the information he furnished to Equifax and that the allegedly improper accounts still appear on Plaintiff's credit report. *Id.* ¶¶ 26, 28.

On August 21, 2018, Plaintiff filed his Complaint in the Superior Court of New Jersey. D.E. 1-4. Plaintiff then filed his FAC on September 4, 2018, alleging the following counts: (I) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (II) defamation of character; (III) common law fraud; and (IV) negligent misrepresentation and omissions. D.E. 1-5. On September 18, 2018, Defendant moved to dismiss Counts II, III, and IV of Plaintiff's FAC pursuant to N.J. Ct. R. 4:6-2(e) for failure to state a claim, arguing that the FCRA preempts Plaintiff's state law causes of action. D.E. 1-6. On October 12, 2018, the Superior Court of New Jersey denied Defendant's motion without prejudice, stating the following:

> [T]his court believes this case is removable to federal court, for reasons placed on the record . . . the Fair Credit Reporting Act seems

3

> to preempt all state claims including state common law claims. *See Burrell v. DFS Service, L.L.C.*, 753 F. Supp. 2d 438 (D.N.J. 2010)[.] Defendant shall file a Notice of Removal in accordance with 28 U.S.C. § 1446(a) within thirty (30) days of today's date[.]

D.E. 1-7. Defendant then removed the case to this Court on October 26, 2018, D.E. 1, and filed a motion to dismiss Counts II, III, and IV of Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, premised on the same argument – that the FCRA preempts Plaintiff's state law claims. D.E. 4, 4-2. Plaintiff filed opposition, D.E. 5, and Defendant replied, D.E. 6.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If,

4

after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. ANALYSIS

The issue before this Court is whether Section 1681t(b)(1)(F) of the FCRA preempts state common law claims against furnishers of information to consumer reporting agencies. Def. Br. at 4-6; Pl. Opp'n at 3-12. Defendant argues the section preempts Count II, Count III, and Count IV of the FAC. Def. Br. at 5-7. Plaintiff argues that Section 1681t(b)(1)(F) does not preempt these state common law claims. Pl. Opp'n at 3-12.

Section 1681t(b)(1)(F) of the FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F).[3] The Third Circuit has not yet ruled on whether Section 1681t(b)(1)(F) preempts state common law claims. *See Williams v. Navient Sols., LLC*, No. 17-6509, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017) ("[T]he scope of § 1681t's preemption has not been resolved by the Third Circuit."). Defendant relies on cases from this district for the proposition that Section 1681t(b)(1)(F) preempts all state claims against furnishers of information. Def. Br. at 4-6 (citing *Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438 (D.N.J. 2010); Def. Reply at 3 (citing *Cosmas v. Am. Exp. Centurion Bank*, 757 F. Supp. 2d 489 (D.N.J. 2010)). Plaintiff relies on out-of-district cases in support of his position. Pl. Opp'n at

---

[3] The parties agree that Defendant is a person who furnished information to a consumer reporting agency, meaning the conduct in this case is within the subject matter regulated by Section 1681s-2. Def. Br. at 5-6; Pl. Opp'n at 2, 4.

5

5.[4] The Court determines that the reasoning of the other decisions within this district is persuasive and follows their rulings. *See Cosmas*, 757 F. Supp. 2d at 501; *Burrell*, 753 F. Supp. 2d at 451; *see also Tutanji v. Bank of Am.*, No. 12-887, 2012 WL 1964507, at *7 (D.N.J. May 31, 2012).

A state law that "interferes with or is contrary to federal law" is preempted by the Supremacy Clause of the United States Constitution. *Cosmas*, 757 F. Supp. 2d at 495 (citing U.S. Const. art. VI, cl. 2; *Farina v. Nokia Inc.*, 625 F.3d 97, 115 (3d Cir. 2010)). Preemption can apply to "'all forms of state law,' including statutory and common law claims." *Id.* (quoting *Farina*, 625 F.3d at 115). Three types of federal preemption exist: "(1) express preemption, (2) field preemption, and (3) conflict preemption." *Id.* (citing *Farina*, 625 F.3d at 115). "Express preemption applies where Congress, through a statute's express language, declares its intent to displace state law." *Id.* (quoting *Farina*, 625 F.3d at 115). Even in cases of clear express preemption, a district court must "examine congressional intent as to the scope of the preemption provision." *Id.* (quoting *Farina*, 625 F.3d at 115). Here, express preemption applies.

First, the text of Section 1681t(b)(1)(F) expressly preempts state common law claims. The text of Section 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed *under the laws of any State*" with respect to the subject matter at issue. 15 U.S.C. § 1681t(b)(1)(F) (emphasis added). Congress used similar language in the Public Health Cigarette Smoking Act of 1969 ("PHCS"), which stated that "[n]o requirement or prohibition based on smoking and health *shall be imposed under State law* with respect to the advertising or promotion of any cigarettes." 15 U.S.C. § 1334(b) (emphasis added). The Supreme Court determined that the PHCS statutory language resulted in express preemption. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 517 (1992)

---

[4] Both parties agree that Section 1681t(b)(1)(F) preempts state *statutory* claims. Def. Br. at 5-6; Pl. Opp'n at 3, 4.

("In our opinion, the pre-emptive scope of the [PHCS] is governed entirely by the express language in [15 U.S.C. § 1334(b)]."). Later, the Supreme Court affirmed its earlier holding and further clarified that "a provision pre-empting state 'requirements' [also] pre-empt[s] common-law duties." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 324 (2008). The Supreme Court reasoned that "Congress is entitled to know what meaning this Court will assign to terms regularly used in its enactments," and therefore, "[a]bsent other indication, reference to a State's 'requirements' includes its common-law duties." *Id.* Accordingly, following the same reasoning, this Court finds that the language of Section 1681t(b)(1)(F) expressly preempts state common law claims. *See Cosmas*, 757 F. Supp. 2d at 501 (finding the same).

Second, congressional intent supports preemption of state common law claims. "[T]he primary purpose of the FCRA is to ensure that only accurate credit information is collected and disseminated." *Id.* at 500. To accomplish this goal, "Congress created detailed reasonable procedures directed at consumer reporting agencies and furnishers of information." *Id.* (internal quotations omitted). If Section 1681t(b)(1)(F) only preempts state statutory claims and not state common law claims, "national furnishers would likely be subject to inconsistent obligations in the various states," as "[c]ommon law claims, by their nature, refine the contours of liability over time." *Id.* at 500-01. "Ultimately, with such a patchwork framework, the congressional purpose of ensuring the consistent, accurate collection and dissemination of credit information stands to be compromised." *Id.* at 501. "Indeed, a patchwork system of conflicting regulations is precisely what Congress intended to avoid in enacting the section 1681t(b) preemption provision." *Id.* (citing *Ross v. F.D.I.*, 625 F.3d 808, 813-14 (4th Cir. 2010)).

The Court therefore finds that Section 1681t(b)(1)(F) expressly preempts Plaintiff's state common law claims. *See Id.* ("[S]ection 1681t(b)(1)(F) [] encompass[es] both statutory and

common law claims[.]"); *Burrell*, 753 F. Supp. 2d at 451 ("[Section 1681t(b)(1)(F)] leaves no room for state law claims against furnishers of information . . . regardless of whether those claims are couched in terms of common law or state statutory obligations."); *see also Tutanji*, 2012 WL 1964507, at *7 ("Plaintiff's common law claims pertaining to Defendant's credit reporting are preempted pursuant to 15 U.S.C. § 1681t(b)(1)(F)."). Counts II, III, and IV are dismissed with prejudice. *See Burrell*, 753 F. Supp. 2d at 451 (finding that the plaintiff's state law claims were preempted by the FCRA and therefore "must be dismissed with prejudice.").

Defendant also seeks costs and sanctions against Plaintiff for continuing to plead these state law counts even after being put on notice of the preemption issue. Def. Br. at 3, 6-7. Defendant argues that such penalty is warranted because these claims are "frivolous." *Id.* at 3. However, other district courts in this circuit have accepted Plaintiff's argument. *See Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 429 (E.D. Pa. 2006) (finding that Section 1681t(b)(1)(F) only preempts state *statutory* claims). Moreover, the Third Circuit has not ruled on the issue. As a result, the Court does not find that Plaintiff's argument is wholly untenable. The Court rejects Defendant's request for costs and sanctions.

## IV. CONCLUSION

In sum, the Court grants Defendant's motion to dismiss Counts II, III, and IV of Plaintiff's FAC, D.E. 4. These Counts are dismissed with prejudice. The Court, however, does not impose costs or sanctions on Plaintiff. An appropriate Order accompanies this Opinion.

Dated: May 30, 2019

                                                            John Michael Vazquez, U.S.D.J.