<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMONE BERTOLLINI,<br>                *Plaintiffs*,<br>v.<br>MICHAEL HARRISON, JOHN AND JANE DOES 1-50, and XYZ CORPORATIONS 1-50<br>                *Defendants*, | Civil Action No. 18-15355<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This action arises out of Defendant's alleged inaccurate report to a credit reporting agency concerning the status Plaintiff's debt. This matter comes before the Court by way of Defendant's motion to dismiss Plaintiff's Second Amended Complaint, D.E. 14 ("SAC"). The Court reviewed the parties' submissions[1] in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is denied.

**I.    BACKGROUND**

Defendant, Michael Harrison, is a New Jersey attorney that represents creditors in collection matters. SAC at ¶ 2. Harrison brought suit on behalf of Palisades Emergency Consultants ("Palisades") against Plaintiff for payment for emergency services rendered by Palisades (the "Collection Action"). Br. at 2.

---

[1] Defendant's motion to dismiss, D.E. 17-3 ("Br."); Plaintiff's opposition, D.E. 18 ("Opp."); and, Defendant's reply letter brief in further support of their motion to dismiss, D.E. 21 ("Reply").

Harrison informed Plaintiff that he was "attempting to collect two alleged debts stemming from two delinquent accounts opened with Palisades Emergency Consult[.]" *Id.* ¶ 5. Harrison told Plaintiff that he owed $510.00 on account number 515121 and $1,058.00 on account number 515121A. *Id.* ¶ 6. Plaintiff asserts, however, that these charges both belong to the same account number, 515121. *Id.* ¶ 7. Plaintiff claims that account number 515121 was created on April 3, 2014, and invoiced both charges together for medical treatment rendered on the same day. *Id.* ¶¶ 7,8.

Plaintiff notified Defendant that account 515121A did not exist. *Id.* ¶¶ 9-10. Defendant acknowledged that there should only be one account. *Id*. ¶ 10. Nonetheless, Defendant reported both accounts to Equifax as unpaid and delinquent. *Id.* ¶ 12. Further, Plaintiff alleges that Defendant reported fictitious payments on each account. *Id.* ¶¶ 15-19. Defendant also failed to mark the accounts as disputed by Plaintiff. *Id.* ¶ 21. Plaintiff filed a formal dispute with Equifax and Defendant received notice of the dispute from Equifax. *Id*. ¶¶ 24-25. Plaintiff claims that Defendant failed to reinvestigate the accuracy of, or correct, the information he furnished to Equifax. *Id.* ¶¶ 26-27.

Plaintiff asserts that Defendant violated the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681s-2(b). *Id.* at ¶¶ 29-35. This matter was removed to this Court on October 26, 2018. D.E. 1. Defendant moved to dismiss certain of Plaintiff's claims on November 23, 2018. D.E. 4. On May 30, 2019, the Court granted the motion and dismissed certain of the Plaintiff's claims. D.E. 7; D.E. 8. On June 25, 2019, Plaintiff filed the SAC. D.E. 14. The present motion followed. D.E. 17. Plaintiff then filed a motion to amend the SAC, D.E. 26, and the Court administratively terminated the motion to dismiss without prejudice pending a decision on the

motion to amend.  D.E. 35.  United States Magistrate Judge Dickson denied the motion to amend, D.E. 43, and the present motion was reinstated on Defendant's request, D.E. 44.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action."  *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III.    ANALYSIS

Defendant contends that he qualifies as a "furnisher of credit information" to a credit reporting agency and that no cause of action under 15 U.S.C. § 1681s-2(a) exists against such individuals.  Br. at 5 (citing *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011)).

3

Plaintiff does not oppose this argument, but instead points out that the SAC pleads a claim under 15 U.S.C. §16812-2(b). Opp. at 2. Plaintiff claims that 15 U.S.C. § 1681s-2(b) does provide a private cause of action. *Id.* (citing *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011)). Defendant did not respond to this argument in reply. *See generally* D.E. 21.

The SAC clearly pleads a claim for violations of 15 U.S.C. § 1681s-2(b). *See* SAC ¶¶ 34-35. In relevant part, that code section provides as follows:

> (b) Duties of furnishers of information upon notice of dispute
>> (1) In general
>> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>>> (A) conduct an investigation with respect to the disputed information;
>>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>>> (C) report the results of the investigation to the consumer reporting agency;
>>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>>> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>>>> (i) modify that item of information;
>>>> (ii) delete that item of information; or
>>>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). The Third Circuit held that 15 U.S.C. § 1681s-2(b) is "the only section [of the FCRA] that can be enforced by a private citizen seeking to recover damages caused by a

4

furnisher of information." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011); *see also id.* ("[A] private citizen may bring an action under 15 U.S.C § 1681s-2(b).")). Accordingly, 15 U.S.C. § 1681s-2(b) affords Plaintiff a private right of action. Defendant's motion to dismiss based on a different provision is denied.

Defendant does not argue that Plaintiff has failed to state a claim under 15 U.S.C. § 1681s-2(b).[2] Instead, Defendant challenges the veracity of the allegations in the SAC. *See e.g.*, Br. at 6 ("The facts alleged in the Second Amended Complaint are simply untrue[.]"); *id.* ("[D]efendant investigated the accuracy of the information at the time plaintiff disputed the amount"); *id.* ("[T]he amount reported to the credit agency was in fact correct[.]"). However, at this stage, the Court "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Defendant argues the Court should take judicial notice of the judgment against Plaintiff from the Collection Action. However, Defendant provides no law or analysis as to the Court's ability to do so. *See* Br. at 6-7; Reply at 1-2. Accordingly, the Court credits Plaintiff's well-pled allegations as true, and Defendant's motion to dismiss is denied.

---

[2] Even if Defendant did make such an argument, the Court would deny it. Plaintiff alleges that (1) Defendant reported false information concerning Plaintiff's debt to Equifax, SAC ¶¶ 14-19; (2) Plaintiff filed a formal dispute with Equifax on July 11, 2018, *id.* ¶ 24; (3) on the same day, Defendant received notice of Plaintiff's dispute from Equifax, *id.* ¶ 25; and (4) Defendant failed to reinvestigate the accuracy of the information furnished to Equifax and failed to "correct the false information about Plaintiff . . . provided to Equifax." *Id.* ¶¶ 26-27. These allegations sufficiently plead a claim under § 1681s-2(b). *SimmsParris*, 652 F.3d at 359 ("[A] private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual.").

## IV. CONCLUSION

For the reasons stated above, Defendant's motion, D.E. 17, is denied. An appropriate Order accompanies this Opinion.

Dated: August 16, 2021

_____
John Michael Vazquez, U.S.D.J.